UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALVADOR CORREA,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>FORD MOTOR COMPANY, a Delaware Corporation, and DOES 1 through 10 inclusive,<br><br>　　　　　　Defendant. | Case No. 2:23-cv-02389-AB-PD<br><br>**ORDER DENYING MOTION TO REMAND [Dkt. No. 13]** |

Before the Court is Plaintiff Salvador Correa's ("Plaintiff") Motion to Remand. ("Motion," Dkt. No. 13.) Defendant Ford Motor Company ("Defendant") filed an opposition ("Opp'n," Dkt. No. 14.) Plaintiff did not file a reply. For the following reasons, the Court **DENIES** Plaintiff's Motion.

**I. BACKGROUND**

On December 30, 2022, Plaintiff filed this action in Los Angeles County Superior Court alleging that Defendants Ford Motor Company, South Bay Ford Lincoln ("South Bay"), and unnamed Defendants DOES 1-10 violated the Song-Beverly Consumer Warranty Act, Cal. Civ. Code § 1790; committed fraudulent concealment; and provided negligent repair on Plaintiff's 2019 Ford F150 ("Vehicle.") *See* Complaint ("Compl.," Dkt. No. 1-3, pp. 94-109.) Plaintiff is a resident of California. Compl. ¶ 2. Defendant Ford is a corporation incorporated in the

1.

State of Delaware who has its principal place of business in the State of Michigan. *Id.* ¶ 4. Defendant South Bay is a business entity that resides in California. *Id.* ¶ 5. On March 6, 2023, Plaintiff dismissed Defendant South Bay. (*See* Defendant's Notice of Removal ("NOR"), Dkt. No. 1.) On March 30, 2023, Defendant removed the case to this Court based on diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. *Id.*

## II. LEGAL STANDARD

A defendant may remove a civil action filed in state court to federal district court when the federal court has original jurisdiction over the action. 28 U.S.C. § 1441(a). "The burden of establishing jurisdiction falls on the party invoking the removal statute, which is strictly construed against removal." *Sullivan v. First Affiliated Sec., Inc.*, 813 F.2d 1368, 1371 (9th Cir. 1987) (internal citations omitted); *see also Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). If any doubt exists as to the right of removal, federal jurisdiction must be rejected. *Id.* at 566–67; *see also Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (citing *Id.* at 566) ("[T]he court resolves all ambiguity in favor of remand to state court.")

For an action based on diversity of citizenship, as here, the parties must be citizens of different states and the dispute must involve an amount in controversy over $75,000.00. 28 U.S.C. § 1332(a)(1).

## III. DISCUSSION

Here, the parties do not dispute the complete diversity between Plaintiff and Defendant. The only issue that is disputed is whether the requisite amount in controversy for federal jurisdiction has been satisfied.

### A. Legal Standard for Calculating the Amount in Controversy

The amount in controversy required for diversity jurisdiction is a sum greater

than $75,000, not including interest and costs. 28 U.S. Code § 1332. In assessing whether the amount in controversy is met, courts first look at whether "on its face" a complaint meets the federal jurisdictional threshold. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007). If the complaint alleges an amount that meets the threshold, the amount in controversy is "presumptively satisfied unless it appears to a 'legal certainty' that plaintiff cannot actually recover that amount." *Guglielmino* at 699. However, where the amount in controversy is unclear in the complaint, "we apply a preponderance of the evidence standard." *Guglielmino* at 699. In a case removed from state court, the burden of proving the amount in controversy is placed on the removing defendant. *See Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676 (9th Cir. 2006).

The amount in controversy for purposes of diversity jurisdiction "includes damages (compensatory, punitive, or otherwise), the costs of complying with an injunction, and attorneys' fees awarded under fee-shifting statutes or contract." *Fritsch v. Swift Transportation Company of Arizona, LLC*, 899 F.3d 785, 793 (9th Cir. 2018).

### B. The Parties' Arguments

Plaintiff's Complaint states that he is entitled to actual damages, restitution, consequential and incidental damages, diminution in value, a civil penalty of two times Plaintiff's actual damages, prejudgment interest, punitive damages, attorneys' fees, and other relief deemed appropriate by the Court. Compl. at Prayer for Relief. The Complaint alleges that Plaintiff's damages are "not less than $25,001.00," *see* Compl. ¶ 23, but does not allege a more specific amount of damages.

In the Notice of Removal, Defendant calculates the amount in controversy to be $25,053.26 in actual damages, $50,106.52 as a two-times civil penalty, and $100,000 in attorney fees. NOR ¶¶ 18-19.

In the Motion, Plaintiff contends that Defendant's calculation of the amount in controversy is not supported by evidence and is too speculative to meet its burden.

3.

1  Regarding actual damages of $25,053.26 plus $50,106.52 as a two-times civil penalty,
2  Plaintiff argues that Defendant should look at "essential facts about the purchase price
3  and use" of the Vehicle instead of just the lease agreement. Motion 9:3-4.
4  Additionally, Plaintiff argues that Defendant's calculation of attorney's fees and
5  failure to include the statutory mileage offset further makes their damages calculation
6  speculative. *Id.* at 10:1-4, 15:13-16.

In its opposition, Defendant argues that its calculation of the amount in controversy is adequately supported. Furthermore, Defendant argues that Plaintiff's claim for punitive damages in connection with its fraudulent concealment claims put in issue ten times the actual damages of $25,487.21 and civil penalty of $50,974.42, putting another $764,616.00 in controversy, for a total amount in controversy of $841,077.93. (Decl. Samantha M. Geraghty, Dkt. 14, Ex. 1 ¶ 10.)

All of Plaintiff's arguments fall short.

**C. Application**

To resolve this Motion, the Court will determine whether all of the remedies Plaintiff seeks put more than $75,000 in issue.

**1. Damages Recoverable Under the Song-Beverly Act**

Plaintiff seeks to recover damages for Defendant's alleged violations of §§ 1793(d), 1793(b), and 1793(a)(3) of the Song-Beverly Act. Compl. ¶¶ 34-47. According to the Song-Beverly Act, Plaintiff can recover actual damages and other equitable relief, a "civil penalty which shall not exceed two times the amount of actual damages," and a "sum equal to the aggregate amount of costs and expenses, including attorney's fees." Cal. Civ. Code §§ 1794(a), 1794(d), and 1794(e). Actual damages under the Song-Beverly Act are equal to "the actual price paid or payable by the buyer" plus any incidental damages pursuant to § 1794, minus "any collateral charges such as sales or use tax, license fees, registration fees, and other official fees" and the "amount directly attributable to use by the buyer prior to the time the buyer first delivered the vehicle to the manufacturer or distributor." Cal Civ. Code §

4.

1793.2(d)(2)(B) – (C).

Here, Plaintiff's actual damages, based on the representations made by their counsel, equals $25,487.21, which represents the amount of $9,470.01 due at signing, thirty-five monthly payments of $433.95, and a disposition fee of $395. (Decl. Geraghty, Ex. 1 ¶ 10; *see also* Dkt. 1, Ex. A at 15.) Using this number, the two-times civil penalty would total $50,974.42. The actual damages plus the two-times civil penalty alone equals $76,461.63, which exceeds the minimum amount required for diversity jurisdiction. But Plaintiff contends that Defendant's calculation improperly fails to account for a statutory mileage offset, which would reduce Plaintiff's actual damages. Motion 10:1-4. However, a statutory mileage offset need not be considered when calculating the amount in controversy, as the "amount in controversy is established by what the plaintiff demands, not by any reductions that a defendant might achieve through its defenses" *Selinger v. Ford Motor Co.*, 2023 WL 2813510, at *8 (C.D. Cal. Apr. 5, 2023) (quoting *In Re: Ford Motor Co. DPS6 Powershift Transmission Products Liab. Litig.*, 2018 WL 59059, at *4 (C.D. Cal. Sept. 10, 2018). But even if the mileage offset were considered, the amount in controversy still exceeds $75,000, given the other forms of recovery plaintiff seeks, as discussed next.

A prevailing Plaintiff is entitled to reasonable attorney's fees under the Song-Beverly Act. Cal. Civ. Code § 1794(d). Defendant's counsel estimated attorney fees to be $100,000 "when litigated through trial," based on Defendant's counsel's own experience litigating similar cases. (NOR ¶ 18; Decl. Elizabeth M. McNulty, Dkt. 1, Ex. 1 ¶ 5.) Since these fees are authorized by statute, it is proper to include them in the amount in controversy calculation. *See Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005). Further, the attorney's fees need not be calculated with certainty, as a removal notice only needs to "plausibly allege, not detail proof of, the amount in controversy." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 83 (2014).

### 2. Punitive Damages

In addition to the damages recoverable under the Song-Beverly Act, Plaintiff seeks to recover punitive damages for Defendant's alleged fraudulent concealment-inducement. Compl. ¶¶ 53-68. In assessing whether punitive damages may be included in the amount in controversy calculation, Courts in this circuit have held that the amount in controversy "includes any result of the litigation, excluding interests and costs, that 'entails a payment' by the defendant," which "includes damages (compensatory, *punitive*, or otherwise), the costs of complying with an injunction, and attorneys' fees awarded." *Fritsch* at 785 (internal quotations omitted) (emphasis added). Thus, Defendant may include punitive damages in the amount in controversy calculation.

Defendant's counsel stated that in a conversation with Plaintiff's counsel, Plaintiff's counsel stated that Plaintiff wants a "ten times multiplier for punitive damages." (Decl. Geraghty, Ex. 1 ¶ 10.) Defendant's counsel calculates this amount to be ten times the actual damages of $25,487.21 plus the two times civil penalty of $50,974.42, totaling $764,616.00 in punitive damages. This calculation is improper for two reasons. First, Defendant's counsel incorrectly includes the two times civil penalty in the punitive damage calculation. Punitive damages are properly understood as a multiple only of the amount of *compensatory* damages. *See State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 424-426 (2003) (discussing punitive damages as a multiplier of compensatory damages). Second, the Supreme Court cautions against using multipliers that are higher than single digits and states that "an award of more than four times the amount of compensatory damages might be close to the line of constitutional impropriety." *Id.* at 425. Therefore, a multiplier of four times the amount of actual damages, excluding the two times civil penalty, is appropriate to calculate punitive damages for purposes of the amount in controversy. This calculation yields $101,948.84 in punitive damages.

Based on the foregoing, the amount in controversy, excluding attorney fees, is

6.

approximately $178,410.47—$76,461.63 in Song Beverly damages and $101,948.84 in punitive damages. The Court therefore concludes that Defendant has met its burden to show by a preponderance of the evidence that the amount in controversy exceeds $75,000 as required for diversity jurisdiction.

## IV.  CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion to Remand.

**IT IS SO ORDERED.**

Dated: July 17, 2023

_____
HONORABLE ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT COURT JUDGE